UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Docket no. 2:10-cv-00294-GZS |
| v. | )<br>) |
| JOHN PRIDE, et al., | )<br>) |
| Defendants. | ) |

**ORDER ON WAIVER OF JURY DEMAND**

Before the Court is Plaintiffs' Objection to Defendants' Waiver of Jury Trial Demand and Motion to Maintain Action on the Jury Trial List (Docket # 39). As explained herein, the Court DENIES the Motion and the Objection.

**I.   PROCEDURAL POSTURE**

This case arises out of the fire and sinking of the F/V Kimberly Marie off Cape Elizabeth, Maine on July 12, 2008. Plaintiffs Kenneth Johnson, owner of the vessel, and Great American Insurance Company ("Great American"), Johnson's insurer and subrogee,[1] filed a complaint ("Complaint" (Docket #1)) alleging negligence and breach of the warranty of workmanlike performance against Defendants John Pride, Stuart Caldwell, and Caldwell's Marine Electronics, Inc. Defendants are alleged to have worked on the F/V Kimberly Marie before it caught fire and sank. The Complaint specifically asserted that Great American was proceeding in federal court under the Court's admiralty jurisdiction pursuant to Fed. R. Civ. P. 9(h) and did not request a

---

[1] Great American paid the proceeds of an insurance policy to Johnson and received the right to subrogate for that amount.

jury trial.[2]  In their respective Answers, Defendants requested a jury trial.  In his Pretrial Memorandum, filed August 31, 2011, Defendant Pride withdrew his jury trial demand on the grounds that he was not entitled to a jury trial.  The remaining Defendants joined in that withdrawal at the pretrial conference held before the Magistrate Judge on September 7, 2011.

## II.     DISCUSSION

Plaintiffs ask this Court to reject Defendants' jury waiver and try the case to a jury. Plaintiffs contend that they have a constitutional right to try at least some of their claims to a jury under the Seventh Amendment, which preserves the right to a jury trial in federal courts in "Suits at common law."  U.S. Const. amend. VII.  It has long been recognized, however, that there is no right to jury trial in admiralty cases.  See, e.g., Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 20 (1963); Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2315, at 182.  Plaintiffs elected to bring their case under the Court's admiralty jurisdiction and made a Rule 9(h) election in their Complaint.[3]  As the First Circuit has stated clearly, the "impact of the 9(h) election is that all claims are tried by the court, rather than the jury."  Concordia Co., Inc. v. Panek, 115 F.3d 67, 70 (1st Cir. 1997); see also Fed. R. Civ. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."); Wright & Miller, Federal Practice and Procedure § 2315, at 189 ("If the only basis for jurisdiction is in admiralty, it will be tried by the court….").  Therefore, Plaintiffs have no Seventh Amendment right to a jury trial.

---

[2] Plaintiffs' Complaint stated the basis of the Court's jurisdiction as follows:
   6.     This is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims and with respect to which this Court has jurisdiction pursuant to 28 U.S.C. § 1333.

[3] Plaintiffs presumably filed in admiralty because they have no other basis for federal jurisdiction.  Indeed, Plaintiffs concede that there is no diversity jurisdiction in this case.  See Plaintiffs' Objection to Defendants' Waiver of Jury Trial Demand and Motion to Maintain Action on the Jury Trial List, at 4 (Docket # 39).

The one case Plaintiffs cite in support of their Seventh Amendment argument, South Port Marine, LLC v. Gulf Oil Ltd. P'ship, 56 F. Supp. 2d 104 (D. Me. 1999), aff'd in relevant part, 234 F.3 58, 62 (1st Cir. 2000), is easily distinguishable. The question in South Port Marine was whether plaintiff—who brought claims under the federal Oil Pollution Act ("OPA") and did not elect admiralty jurisdiction under Rule 9(h)—had a Seventh Amendment right to a jury trial. Id. at 106. The Court held that plaintiff did have a right to a jury trial under the Seventh Amendment because her OPA claims were more analogous to cases tried in courts of law than in courts of admiralty in 1791. Id. at 112-13 (citing City of Monterey v. Del Monte Dunes, Ltd., 526 U.S. 687, 708-09 (1999)). The instant case, on the other hand, was brought pursuant to the Court's admiralty jurisdiction and does not involve claims brought under a federal statute such as OPA. South Port Marina in no way suggests that Plaintiffs' claims in this case—an admiralty case designated as such by Plaintiffs' Rule 9(h) election—brings with it the right to a jury trial. See also Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 470 (1st Cir. 1985) (stating that there is no right to a jury trial in admiralty cases except as provided by statute). Given the differences between South Port Marina and the instant case, South Port Marina is inapposite.

Plaintiffs further suggest, citing Fitzgerald v. U.S. Line Co., Inc., that although the Constitution does not require jury trials in admiralty cases, neither does it forbid them. 374 U.S. at 20. While the general proposition is correct, it is inapplicable to this case. Fitzgerald involved the Jones Act, a federal statute that specifically provided seamen with the right to a jury trial on some claims. The question in Fitzgerald was whether the plaintiff seaman was entitled to a jury trial on his traditional, non-statutory maritime actions for unseaworthiness and maintenance and cure in addition to his Jones Act claims. Id. at 17. The Court held that all claims should be tried to a jury because the case arose out of one set of facts and was essentially one lawsuit that had

been split into separate parts because of historical developments. Id. at 21. Nowhere, however, did the Court rule that a plaintiff in a purely maritime matter is entitled to a jury trial. This case, on the other hand, involves only traditional admiralty claims; there is no independent basis for the right to a jury trial. In cases involving only admiralty claims, there is simply no right to a jury trial. See Panek, 115 F.3d at 70; Natasha, 763 F.2d at 470.

Plaintiffs also assert that they are entitled to rely on Defendants' jury demands, even though they have been withdrawn. In Concordia Co., Inc. v. Panek, the First Circuit foreclosed this argument, holding that the counterclaim plaintiff "waived his right to a jury by making a 9(h) election to proceed 'In Admiralty' without making a demand for a jury in the counterclaim." 115 F.3d at 71. The Court explicitly rejected the argument that one party is entitled to rely on the other party's jury demand, even though it had been withdrawn, stating: "in an admiralty case, a 9(h) election for admiralty cannot be undone by the opposing party's jury demand." Id. at 72 (citing Craig v. Atlantic Richfield Co., 19 F.3d 472, 476-77 (9th Cir.), cert. denied, 513 U.S. 875 (1994) (holding that plaintiff was not entitled to rely on a defendant's jury demand where the defendant had neither a constitutional nor a statutory right to make such a demand)).

Finally, Plaintiffs request leave to amend their complaint to assert admiralty jurisdiction under 28 U.S.C. § 1333 but without a Rule 9(h) election and with a jury demand under the Seventh Amendment.[4] This request is unsupported and futile. As stated in this Opinion, if Plaintiffs seek to proceed under this Court's admiralty jurisdiction, they have no right to a jury

---

[4] Plaintiffs urge this Court to follow other district courts which have stated that an election to proceed in admiralty is not irrevocable. In the cases cited by Plaintiffs, courts have granted motions to remove an election of admiralty jurisdiction and allow a case to proceed in diversity. See, e.g., Foley, et al. v. Loeb, et al., No. 06-53 S, 2008 WL 5552283 (D.R.I. Sept. 22, 2008). Here, however, Plaintiffs have no basis for federal jurisdiction other than admiralty. Were the Plaintiffs to revoke their admiralty jurisdiction, this Court would no longer have jurisdiction over Plaintiffs' case.

4

trial absent separate statutory claims, which do not exist here. See Fitzgerald, 374 U.S. at 19-21; Panek, 115 F.3d at 70; Natasha, 763 F.2d at 470.

### III.  CONCLUSION

Therefore, the Court DENIES Plaintiffs' Objection to Defendants' Waiver of Jury Trial Demand and Motion to Maintain Action on the Jury Trial List (Docket # 39). To the extent Plaintiffs alternatively sought leave to amend their Complaint, that request is hereby DENIED. In accordance with these rulings, the Court hereby ALLOWS Defendants' withdrawals of the jury demand and ORDERS that this matter be set for a bench trial to commence on October 11, 2011.

SO ORDERED.

                                               /s/ George Z. Singal
                                               United States District Judge

Dated this 28th day of September, 2011.