# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

GREAT AMERICAN INSURANCE )
COMPANY, et al., )
)
    Plaintiffs, )
) Docket no. 2:10-cv-00294-GZS
v. )
)
JOHN PRIDE, et al., )
)
    Defendants. )

## ORDER ON MOTION IN LIMINE

Before the Court is Defendants' Motion in Limine to Exclude Plaintiff's Testimony Regarding Alleged Physical and Emotional Injuries (Docket # 40). For the reason set forth herein, the Court DENIES WITHOUT PREJUDICE Defendants' Motion.

## I. BACKGROUND

On September 21, 2011, Defendants filed a motion in limine to exclude testimony of Plaintiff Kenneth Johnson regarding physical and emotional injuries allegedly suffered during the incident giving rise to Plaintiffs' Complaint, namely, the onboard fire and sinking of F/V KIMBERLY MARIE, Mr. Johnson's fishing vessel. Citing Federal Rules of Civil Procedure 701 and 702, Defendants argued that Mr. Johnson lacks the specialized knowledge that qualifies him to testify about physical and emotional injuries he allegedly suffered as a result of the fire and sinking of the F/V KIMBERLY MARIE.

## II. DISCUSSION

Where a plaintiff suffers an injury that is obviously the result of the accident in question, the fact finder can determine without expert testimony that the accident caused the injury. See,

e.g., Villalba v. Consol. Freightways Corp. of Delaware, No. 98 C 5347, 2000 WL 1154073, *4 (N.D. Ill. Aug. 14, 2000) (quoting Franklin v. Shelton, 250 F.2d 92, 97 (10th Cir. 1958)); Batiste v. City of Beaumont, 426 F. Supp. 2d 395, 403 (E.D. Tex. 2006) (stating that "a lay person is competent to testify concerning physical injuries and conditions that are susceptible to observation by an ordinary person" and that "[b]urns, bruises and topical lacerations are not of the character as to require skilled and professional persons to determine the cause and extent thereof."). Indeed, Courts have "uniformly held" that "where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts, but, that a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person." Franklin, 250 F.2d at 97; see also Hrichak v. Pion, 498 F. Supp. 2d 380, 382 (D. Me. 2007) (allowing Plaintiff to testify to the symptoms he suffered following the incident in question but refusing to allow Plaintiff to testify regarding a causal relationship between the incident and a medical disease for which he has not been medically diagnosed) (internal quotation and citations omitted); Ziehm v. Radioshack Corp., 2010 WL 2079550 (D. Me. May 22, 2010) ("While a layperson is not competent to diagnose the cause of his symptoms … it is within the realm of ordinary experience, and thus need not be established by expert testimony, that harassment can cause stress….") (internal citation omitted).

Therefore, until Mr. Johnson testifies regarding the nature of the physical and emotional injuries he allegedly suffered following the incident in question, the Court cannot determine whether "the nexus between the [alleged injuries] and the accident is a matter that a layperson can analyze without expert testimony." Villalba, 2000 WL 1154073, *4.

### III. CONCLUSION

Accordingly, Defendants' Motion in Limine to Exclude Plaintiff's Testimony Regarding Alleged Physical and Emotional Injuries (Docket # 40) is hereby DENIED WITHOUT PREJUDICE.  Defendants may reassert this objection at trial if appropriate.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 5th day of October, 2011.